IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03052-PAB-KLM

VANESSA JOHNSON,

      Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

      Defendant.

---

## ORDER

---

This matter is before the Court on the Motion to Remand to State Court [Docket No. 16] filed by plaintiff Vanessa Johnson. The matter is fully briefed and ripe for disposition.

Plaintiff initiated this action on December 6, 2013 in the District Court for the County of Pueblo, Colorado, where it was filed as Case No. 2013CV30993 (the "state court action"). Docket No. 1-1 at 1. The action was initially brought against two defendants, defendant Safeco Insurance Company of America ("Safeco") and Betsy Moncher. *Id.* Ms. Moncher and plaintiff were both residents of Colorado. *Id.* ¶¶ 1-2. On November 5, 2014, the District Court for the County of Pueblo, Colorado granted plaintiff's unopposed motion to dismiss Ms. Moncher. Docket No. 1-3 at 1-2. Safeco filed a Notice of Removal on November 12, 2014, one week after the dismissal of Ms. Moncher from the state court action. *See* Docket No. 1.

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to

federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).  A notice of removal must contain "a short plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  As grounds for removal, Safeco stated that plaintiff is a resident of Colorado, while Safeco is a foreign corporation organized under the laws of the State of New Hampshire.  Docket No. 1 at 3, ¶ 5.  Safeco further stated that, in plaintiff's second claim for relief, she alleged that her "claims have a reasonable value in excess of the [insurance] policy limits of $100,000."  *Id.* ¶ 6.  Safeco further notes that plaintiff's second claim for relief is a statutory bad faith claim brought pursuant to Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116, and that, if successful, plaintiff could recover two times the covered benefit plus reasonable attorney's fees and court costs.  *Id.*; *see also* Colo. Rev. Stat. § 10-3-1116(1).  Finally, Safeco points out that plaintiff's most recent settlement offer exceeded $75,000.  *Id.*  Thus, because there is complete diversity between the parties and the amount in controversy exceeds $75,000, Safeco claimed that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).  Docket No. 1 at 3, ¶¶ 6-7.

Plaintiff challenges the sufficiency of Safeco's statement of the grounds for removal.  Specifically, plaintiff argues that defendants are required in a notice of removal to show sufficient facts to establish that the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.  Docket No. 16 at 2, ¶ 5 (citing *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008)).  Plaintiff does not introduce evidence that the

2

amount in controversy is less than $75,000 or state that the amount in controversy is less than $75,000, but instead argues only that the issue of whether the value of this action exceeds $75,000 is "a matter of pure speculation."  Docket No. 16 at 3.

After the briefing on plaintiff's motion concluded, the Supreme Court decided *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014).  In *Dart Cherokee*, the Supreme Court held that "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  135 S.Ct. at 553.  In other words, all that is required is a "short and plain statement of the grounds for removal," including "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Id.* at 551, 554.  Unless the allegations of the amount in controversy are contested, that is the end of the matter.  *Id.* at 550 (providing that "[i]n the event that the plaintiff does contest the defendant's allegations, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied").

Here, plaintiff does not argue that the amount in controversy does not exceed $75,000, but instead contests Safeco's evidence in support of the amount in controversy allegation in the notice of removal.  *See* Docket No. 16.  Plaintiff's motion does not require the Court to order both sides to submit evidence.  *See Roa v. TS Staffing Servs., Inc.*, 2015 WL 300413 at *2 (C.D. Cal. Jan. 22, 2015) (finding that, because *Dart Cherokee* held that removing defendants need not introduce evidence in the notice of removal, a challenge to the jurisdictional basis for removal that "does not

3

contest the allegations themselves, but instead contests [defendant's] evidence in support of the allegations" was groundless).

The Court finds that the notice of removal satisfies Section 1446(a)'s requirement in that it contains a short, plain statement of the grounds for removal. Specifically, Safeco notes that plaintiff's complaint alleges that her claims exceed the policy limit of $100,000 and that plaintiff's statutory bad faith claim, if successful, would entitle her to an award of "two times the covered benefit" of her policy, plus attorneys' fees. Docket No. 1 at 3, ¶ 6; *see also* Colo. Rev. Stat. § 10-3-1116 (1) ("A first-party claimant . . . whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit"). Moreover, plaintiff made a settlement demand of $100,000. Docket No. 16 at 2, ¶ 4. Safeco's allegation that the amount in controversy exceeds $75,000 is sufficiently plausible to satisfy the requirements of Section 1446(a). *See Roadcap v. Auto-Owners Ins. Co.*, No. 14-cv-01897-PAB-CBS, 2014 WL 3952802 at *2 (D. Colo. Aug. 12, 2014) (denying remand where plaintiff brought a statutory bad faith claim under Colo. Rev. Stat. § 10-3-1115 and § 10-3-1116 and alleged that her policy limit was $100,000).

Wherefore, it is

**ORDERED** that plaintiff Vanessa Johnson's Motion to Remand to State Court [Docket No. 16] is **DENIED**.

DATED April 29, 2015.

BY THE COURT:


 s/Philip A. Brimmer                          
PHILIP A. BRIMMER
United States District Judge